FILED IN OPEN COURT
FEB 2 8 2025
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

*Newport News Division*

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 4:24-cr-76 |
| ) | |
| KYLE ANDREW BABIAK, ) | |
| ) | |
| Defendant. ) | |

STATEMENT OF FACTS

The United States and the defendant, KYLE ANDREW BABIAK, agree that at trial, the United States would have proven the following facts beyond a reasonable doubt with admissible and credible evidence:

1. On February 16, 2024, an undercover special agent, ("UC"), with the Naval Criminal Investigative Service, ("NCIS"), posing as a 14-year-old minor, female, child, posted a public message on the social media application Whisper. The post read, "[heart eyes emoji] Military guys [heart eyes emoji]" with a background of hands being held in a heart shape.

2. An individual, later identified as the defendant, 30-year-old, KYLE ANDREW BABIAK, replied to the UC's post via direct message. BABIAK was labeled on his Whisper profile as "30-35 Years old" and "male".

3. The defendant's first direct message to the UC read, "Navy officer 30m here". The UC replied, "14f Hampton", expressing that she was a 14-year-old female located in Hampton, Virginia.

4. During the direct messaging conversation between the defendant and the UC, the defendant directly acknowledged and expressed concern over the UC's purported age, writing that he could "wind up in a court martial" and that "basically [his] life would be over at that point".

5. The defendant sent a photograph of himself in what appeared to be a Navy uniform. The defendant's face was clearly depicted. He asked for the UC to send a photograph in return.

6. The defendant sent the UC his username, "Kbabs38", for the social media application Kik, and the conversation continued on the Kik platform. The profile photograph for "Kbabs38" appeared to be the same person as in the photograph the defendant direct messaged to the UC on Whisper.

7. The defendant wrote to the UC that he lived in Chesapeake, Virginia, but would be moving to Maryland soon for his job in the Navy. The UC responded that it was a "[s]hame you didn't live closer so I could keep you company" and "maybe one day I can come see you". The UC explained that her father had been deployed for months and that her mother would be working through the night.

8. The defendant asked the UC, "[w]hat would you like to do if we hang out?" and suggested "cuddling" and "a massage". He then asked the UC, "[a]nything else you want?" to which the UC responded, "idk what else there is tho". Again acknowledging the UC's purported age, the defendant replied, "[n]othing unless I had a death wish to do anything naughty lol" and "[y]ou're under 18".

9. The UC wrote to the defendant, "I mean I never done ne thing naughty before". The defendant responded, "[h]ave you kissed anyone before?" to which the UC replied, "[y]a. That's all.i done before". The defendant wrote, "hmm well if you are going to be naughty with someone, it should be with someone who has experience and knows what he is doing to make your first time

memorable" and then asked the UC if she wanted to see a picture of his penis. The UC responded, "[t]hat's up to u". The defendant sent a picture of an erect penis to the UC with the message "[f]rom this morning when I woke up".

10. The defendant continued to escalate the sexual content of his messages to include explicitly describing how he would perform oral, vaginal, and anal sex on the UC. The defendant also sent a video to the UC of himself masturbating.

11. The defendant wrote, "[t]oo bad you didn't live on this side of the Bay", to which the UC responded, "I don't live far. Im jus in Hampton" and reminded the defendant that her "mom is gone for the night". The defendant replied, "[w]hat's your address so I can see how far you are".

12. The defendant made plans to pick up the UC in Hampton and drive her back to his residence in Chesapeake. Amidst the defendant's continued description of all the graphic sexual acts he was going to perform on the UC once back at his place, he asked the UC, "[d]o your parents track your location by the way?" to which the UC responded, "[n]ah just my video chats n pictures I saved".

13. The defendant shared his cellular telephone number – which was confirmed to belong to BABIAK – with the UC.

14. The defendant informed the UC that he was in his car and would be at the UC's location in Hampton in "36 minutes baby".

15. On the drive to pick up the UC, the defendant continued to message the UC, to include writing, "I cant believe I have the honor of being the first man to make love to you"; I never thought I'd take someone's virginity, much less someone under 18"; [w]ait until you feel how hard I am"; and "I can't wait to feel how wet you are".

16. When the defendant arrived at the UC's location in Hampton, parked his car, exited his car, and approached the front door of the residence, he was arrested by NCIS agents and officers from the Hampton Police Department. The defendant's phone was also seized by law enforcement.

17. Sections 18.2-374.3 and 18.2-370 of the Code of Virginia, prohibit the Use of Communications Systems to Facilitate Certain Offenses Involving Children and Taking Indecent Liberties with Children, respectively.

18. The defendant had reason to believe and expressly confirmed that he believed the UC was a 14-year-old female, child.

19. The defendant used a facility or means of interstate commerce to persuade, induce, entice, or coerce the UC to engage in sexual activity.

20. The defendant admits that on or about February 16, 2024, in the Eastern District of Virginia, he did attempt to use facilities and means of interstate and foreign commerce to knowingly persuade, induce, entice, and coerce an individual who had not attained the age of 18 years—to wit: an individual BABIAK believed to be a 14-year-old female at the time of the offense—to engage in any sexual activity for which any person could be charged with a criminal offense, including Section 18.2-374.3 of the Code of Virginia (use of communications systems to facilitate certain offenses involving children), and 18.2-370 of the Code of Virginia (taking indecent liberties with children), in violation of Title 18, United States Code, Section 2422(b).

21. All of the events described occurred in the Eastern District of Virginia.

22. The acts described above taken by defendant, KYLE ANDREW BABIAK, were done willfully, knowingly, intentionally, and unlawfully and not by accident, mistake or other innocent reason. The defendant further acknowledges that the foregoing statement of facts covers the elements of the offenses charged but does not describe all of the defendant's conduct relating

to the offenses charged in this case.

        Respectfully submitted,

        Erik S. Siebert
        United States Attorney

By: _____
    Peter Osyf
    Assistant United States Attorney
    VA Bar No. 86597
    One City Center
    11815 Fountain Way, Suite 200
    Newport News, Virginia 23606
    (757) 591-4000
    peter.osyf@usdoj.gov

After consulting with my attorney, I hereby stipulate that the above Statement of Facts is a partial summary of the evidence which is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

_____    28 FEB 25
KYLE ANDREW BABIAK    Date
Defendant

I am KYLE ANDREW BABIAK's attorney. I have carefully reviewed the above Statement of Facts with him. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

_____    2/28/2025
Keith L. Kimball    Date
Counsel for the Defendant

5